# TERRITORY *v.* TAKANABE, SAWAMOTO, HAMA-MOTO, NAKAI AND TAKEMURA.

## No. 1560.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. R. DESHA, JUDGE.

SUBMITTED OCTOBER 15, 1924.          DECIDED NOVEMBER 10, 1924.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

CONSTITUTIONAL LAW—*fish laws.*

> The exclusion of resident aliens from the privilege of operating fish traps in the sea fisheries of the Territory does not deprive such aliens of property without due process of law nor deny to them the equal protection of the laws.

LICENSES.

> A license to operate a fish trap is personal to the licensee and may not be exercised by an unlicensed agent.

The defendants were convicted in the circuit court of the first circuit with having on the 30th day of May, A. D. 1923, not then and there being citizens of the United States, wilfully and unlawfully placed, set or operated fish traps, pounds or weirs at Makua Bay of the fisheries of the government of the Territory of Hawaii contrary to the provisions of Act 230 of the Session Laws of 1919. To the judgment of conviction they prosecuted exceptions to this court and assigned as error (a) that Act 230, S. L. 1919, is unconstitutional and void in that it deprives the defendants of property without due process of law and denies to them the equal protection of the laws contrary to the provisions of Article XIV of the Amendments of the Constitution of the United States and (2) if the Act is constitutional, they are not amenable thereto for the reason that at the time and place and under the circumstances alleged in the complaint they were acting as the agents and servants of a duly licensed citizen of the United States. These assignments will be considered seriatim.

Act 230, S. L. 1919, by section 1 prohibits all persons other than citizens of the United States from placing, setting or operating fish traps, pounds or weirs in any location of the sea fisheries of the government of the Territory of Hawaii; by section 2 empowers the treasurer of any county or city and county to issue an annual license to any citizen applying therefor as an operator of fish traps, pounds or weirs, and by section 3 makes it a misdemeanor for any person to place, set or operate fish traps, pounds or weirs in any location of the sea fisheries of the government of the Territory of Hawaii without first complying with section 2 of the Act.

Assuming but not deciding that the Fourteenth Article of the Amendments of the Constitution applies to the Territory and that the provisions of Article V of

the same Amendments afford to these defendants the same constitutional guaranties which they invoke under the provisions of the Fourteenth, we are satisfied that the provisions of Act 230, S. L. 1919, do not deny to the defendants the equal protection of the laws.    Fish are *farae naturae* and while in the government fisheries are the property of the people of the Territory in their collective sovereign capacity.    (*Geer* v. *Connecticut,* 161 U. S. 519, 529.)    As an incident to such ownership the persons by whom and the manner in which fish may be taken therefrom are subjected to the reasonable control and regulation of the Territory.    (*Geer* v. *Connecticut, supra.*)    The exercise of such control and regulation includes the power to discriminate against certain classes of its inhabitants who in the placing, setting or operating of fish traps, pounds or weirs may be deemed inimical to the protection and preservation of fish in the territorial fisheries.    So long as such discrimination finds support in a condition of affairs from which classification would naturally result such discrimination is reasonable.    It is only unreasonable discrimination that comes within the constitutional inhibition.    The evil resulting from the unwise and indiscriminate use of fish traps, pounds or weirs is obvious.    It might be that in their operation and use the citizen is more careful than the resident alien and if the evil that this particular piece of legislation was designed to remove was the consequence of the operation by resident aliens of fish traps, pounds or weirs in the sea fisheries of the Territory then the classification of the inhabitants according to citizenship is not unreasonable.    Nothing has been called to our attention negativing the assumption that the legislature acted upon the premise that resident aliens were the peculiar source of the evil that the Act sought to prevent.    Under the

circumstances the result of its determination is not subject to review by the judicial department of the government. (*Patsone* v. *Commonwealth of Pennsylvania,* 232 U. S. 138.)

Nor are the defendants thereby deprived of property without due process of law. From what has been said it necessarily follows that the right of piscary in the sea fisheries of the Territory is not included in those fundamental rights described as "property" which the Fifth and Fourteenth Articles of the Amendments of the Constitution were designed to protect, but is a privilege from the indulgence in which resident aliens by regulatory statutes controlling its exercise may be legally deprived.

That defendants at the time complained of were operating the fish traps of a citizen licensee does not render them immune from the provisions of the statute. The statute clearly contemplates that all persons, whether owners or the agents or servants of owners of fish traps, pounds or weirs, must be duly licensed under the provisions of the Act before they may place, set or operate the same in any location of the sea fisheries of the Territory. The license is personal to the licensee and may not be exercised by an unlicensed agent.

Exceptions overruled.

*N. D. Godbold,* Deputy City and County Attorney, for the Territory.